IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFF FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 6992 |
| | ) | |
| | ) | Judge Zagel |
| | ) | presiding |
| NATIONAL CITY BANK, | ) | |
| | ) | Jury Demanded |
| Defendant. | ) | |

## ANSWER TO COUNTERCLAIM

Plaintiff Jeff Foster, by his attorney, John J. Lydon, and as his answer to Defendant National City Bank's Counterclaim, states as follows:

1. National City's principal place of business is in Ohio. National City Bank does business in Illinois and has an office at One North Franklin, Suite 100, Chicago, Illinois 60606.

ANSWER: Plaintiff admits the averments in paragraph 1.

2. On information and belief, Plaintiff resides in Chicago, Illinois.

ANSWER: Plaintiff admits the averments in paragraph 2.

3. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. §1367 because this Counterclaim is part of the same case or controversy under Article III of the United States Constitution as Plaintiff's claims against National City Bank.

ANSWER: Plaintiff admits the averments in paragraph 3.

4. On October 30, 2002, Plaintiff entered into a Private Equity Reserve Agreement ("Line of Credit") with National City Bank.

ANSWER: Plaintiff admits the averments in paragraph 4.

5.     A true and correct copy of the Line of Credit is attached hereto as Exhibit A.

ANSWER:     Plaintiff admits the averments in paragraph 5.

6.     On October 30, 2002, Plaintiff executed a Mortgage in favor of National City Bank securing the Line of Credit ("Mortgage").

ANSWER:     Plaintiff admits the averments in paragraph 6.

7.     A true and correct copy of the Mortgage is attached hereto as Exhibit B.

ANSWER:     Plaintiff admits the averments in paragraph 7.

8.     Together, the Line of Credit and the Mortgage constitute the entire written agreement between Plaintiff and National City Bank ("Agreement").

ANSWER:     Plaintiff admits the averments in paragraph 8.

9.     On November 20, 2003, Plaintiff caused MidAmerica Bank to issue a payment for $1,196,096.50 to National City Bank.

ANSWER:     Plaintiff admits the averments in paragraph 9.

10.     Plaintiff owed National City Bank approximately $7,835.53 more than $1,196,096.50 under the Line of Credit as of November 20, 2003.

ANSWER:     Plaintiff denies the averments in paragraph 10.

11.     Pursuant to the Line of Credit, Plaintiff was required to make "monthly" payments and "to pay a minimum payment by the Due Date shown on [Plaintiff's] statement equal to the sum of the Line Minimum Payment and the FRP Minimum Payment ..."

ANSWER:     Plaintiff admits the averments in paragraph 11.

12.     Pursuant to the Mortgage, Plaintiff "will be in default if any party obligated on the Secured Debt fails to make payments when due. [Plaintiff] will be in default if a breach occurs under the terms of this Security Investment or any other document executed for the

purpose of creating, securing or guarantying the Secured Debt."

    ANSWER:    Plaintiff admits the averments in paragraph 12.

13.    Plaintiff received a statement in December 2004 indicating that the outstanding balance on Plaintiff's account was $8,040.40, and that the minimum payment due was $620.22.

    ANSWER:    Plaintiff denies the averments in paragraph 13.

14.    Plaintiff received a statement in January 2005 indicating that the outstanding balance on Plaintiff's account was $8,061.95, and that the minimum payment due was $641.77.

    ANSWER:    Plaintiff denies the averments in paragraph 14.

15.    National City Bank repeatedly informed Plaintiff that Plaintiff owed National City Bank unpaid amounts on Plaintiff's Line of Credit.

    ANSWER:    Plaintiff denies the averments in paragraph 15.

16.    Plaintiff has failed to make any payment to National City Bank since November 20, 2003.

    ANSWER:    Plaintiff admits he did not make any payment after November 2003, but denies he was obliged to do so.

17.    Accordingly, Plaintiff has breached the Line of Credit and is in default under the Mortgage.

    ANSWER:    Plaintiff denies the averments in paragraph 17.

18.    The Line of Credit Provides:

> To the extent permitted by 11 U.S.C. 506 [National City Bank] shall be entitled to reasonable court costs and attorneys' fees for independent counsel that [National City Bank] hires.

    ANSWER:    Plaintiff admits the averments in paragraph 18.

19.    The Mortgage provides:

>[Plaintiff] agrees to pay all costs and expenses incurred by [National City Bank] in collecting, enforcing or protecting [National City Bank's] rights and remedies under this Security Instrument. This amount may include, but is not limited to, attorneys' fees, court costs, and other legal expenses.

ANSWER: Plaintiff admits the averments in paragraph 19.

20. National City Bank has expended significant sums collecting, enforcing and protecting its rights under the Line of Credit and the Mortgage including, but not limited to, attorneys' fees, court costs, and other legal expenses.

ANSWER: Plaintiff lacks knowledge or information sufficient to form a belief as to the truth or falsity of the averments in paragraph 20.

21. National City Bank has fully performed its obligations under the agreement.

ANSWER: Plaintiff denies the averments in paragraph 21.

WHEREFORE, Plaintiff Jeff Foster respectfully requests that the court enter judgment in his favor and against the Defendant National City Bank on the Defendant's Counterclaim and award the Plaintiff his costs.

Plaintiff Jeffrey M. Foster,


By: /s/ John J. Lydon
One of his attorneys.

John J. Lydon, Esq.
Gomberg, Sharfman, Gold & Ostler, P.C.
208 S. LaSalle St., Suite 1200
Chicago, Illinois 60604
(312) 332-6194
fax (312) 332-4083

CERTIFICATE OF SERVICE

      I, John J. Lydon, certify that I served the above Answer to Counterclaim to the parties entitled to notice by filing it with the Clerk of the U.S. District Court for the Northern District of Illinois through ECF document filing system on October 9, 2006.

                                                   /s/ John J. Lydon